UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CRUMP,<br><br>    Plaintiff,<br><br>    v.<br><br>JOANN KINGSTON, et al.,<br><br>    Defendants. | Case No. 25-cv-06548-EMC   (EMC)<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>Docket No. 26, 27 |

Plaintiff Steven Crump seeks leave to serve Defendants Joann Kingston and Gloria Rhynes by an alternative service method. Dkt. No. 26. Joann Kingston was an Alameda County Public Defender. Gloria Rhynes was an Alameda County Superior Court Judge.

Judges are entitled to absolute immunity for acts within their judicial capacity, even if taken in error or in an excess of authority. *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Plaintiff alleges that Judge Rhynes violated his rights by imposing an "unauthorized sentence" upon him. Dkt. No. 4 at 12. Given that imposing a sentence is a judicial act, Judge Rhynes cannot be held liable for it.

As to Joann Kingston, it is settled law that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff alleges that Ms. Kingston violated his right to effective assistance of counsel through her representation of him in Alameda County Superior Court. Dkt. No. 4 at 10, 11. Since Ms. Kingston was performing the traditional functions of counsel in representing Plaintiff, she did not act under color of state law and is not subject to suit under Section 1983. *See e.g. Langrock v. Cty. of Ventura*, No. CV 17-01200 BRO (RAO), 2017 U.S. Dist. LEXIS 225900, at *24 (C.D. Cal. May 19, 2017) ("[I]neffective assistance

of counsel should be asserted in a habeas corpus petition, not in a civil rights action under section 1983.")

Because neither Judge Rhynes nor Ms. Kingston are subject to suit under Section 1983, Plaintiff's request is **DENIED**.

Further, Plaintiff's proffered proof of service at Dkt. No. 27 is inadequate. California Code of Civil Procedure Section 415.40 governs service of persons outside of the state. Plaintiff's filing shows California addresses for both defendants, so Section 415.40 does not apply. Plaintiff's submission of a certified mail receipt does not satisfy the requirements of California Code of Civil Procedure Section 415.30 either. Under Section 415.30, service is deemed complete only when a written acknowledgment of receipt of the summons is executed by the recipient.

Plaintiff is reminded that per Fed. R. Civ. P. 4(c)(1) & (m), if Defendants are not properly served within 90 days of the filing of the complaint, the Court must dismiss the case.

**IT IS SO ORDERED**.

Dated: November 4, 2025

_____
EDWARD M. CHEN
United States District Judge